UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MICHAEL KENNEDY

    Plaintiff,

V.                                                            CIVIL ACTION NO

FIRST CREDIT SERVICES, INC.

Defendant.                                           OCTOBER 22, 2010

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq. and Md. Code Ann., Cts. & Jud. Proc. § 10-410(a) the Maryland Wiretap Act.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Annapolis, MD.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA.

6. Defendant is a licensed collection agency and a collector within the MCDCA.

7. Defendant First Credit Services, Inc. is a foreign corporation engaged in the business of collecting debts in the State of Maryland with a principal place of

business located at One Woodbridge Center Ste 410, Woodbridge, NJ 07095.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt to Gold's Gym.

10. Plaintiff was contacted by the Defendant's agent who identified himself as William on or about September 14, 2009.

11. Defendant through their agent William advised the Plaintiff that he was attempting to collect a debt and failed to identify his employer, or the principal amount of the alleged debt in violation of §1692e.and g.

12. Plaintiff repeatedly asked the defendant to itemize the amount of debt the Defendant was collecting.

13. Defendant advised the Plaintiff that the amount he owed was $615.69 in violation of §1692e (2)(A).

14. Upon repeated inquiry the defendant advised the Plaintiff that the original principal balance owed was $439.00 but that the Defendant collection agency added a $175.00 processing/checking fee to the account in violation of §1692f (1) and §1692e (2) (A).

15. Defendant advised the Plaintiff that he could settle this account for approximately 50% of the total claimed balance of $615.69.

16. Defendant advised the Plaintiff that if he wanted to dispute the account, he would lose that option and the account would be marked as a refusal to pay and his information would be reported to the Credit Bureaus in violation of §1692e (8).

17. Defendant advised the Plaintiff that his company intended to purchase this account and they would pay off the alleged debt claimed owed by Gold's Gym and this was the service his company provided.

18. Plaintiff again stated that he did not owe this debt to Gold's Gym and that he had previously sent written notice to Gold's gym cancelling his contract.

19. Defendant further advised the Plaintiff that if he decided to dispute this debt that legal action would be filed against him in the State of Maryland in violation of §1692e (5).

20. Plaintiff has reviewed the Maryland Judicial Case Search web site and as of today's date, no case has ever been filed by the Defendant in the State of Maryland in either the proper business name First Credit Services, Inc. or their trade name Accounts Receivable Technologies in violation of §1692e (5).

21. Defendant advised the Plaintiff that he had a 99% percent chance of losing the case and that it is implausible for him to dispute this account in violation of §1692e.

22. Defendant advised the Plaintiff that First Credit Services, Inc. would file suit in Maryland if the debt was not immediately paid in violation of §1692e.

23. Defendant has never retained local counsel in the State of Maryland and filed suit on a consumer debt and is prohibited from threatening suit as they are not a licensed law firm allowed to practice law but solely a licensed collection agency.

24. Defendant also advised Plaintiff that another effective way to cancel his contract, was to call, all of the Gold's Gyms in America, and since Plaintiff didn't do that, he did not properly cancel his membership in violation of §1692e.

25. Plaintiff asked the Defendant, at the end of the telephone call, if the Defendant was recording the communication.  <u>Defendant stated that the call was in fact being recorded and Defendant failed to provide the Plaintiff notice of that fact and failed to obtain his consent to the recording in violation of §1692e</u>.

26. The Plaintiff pulled a copy of his credit report on October 6, 2010, and the defendant reported or caused to be reported a trade line entry stating the Plaintiff owed $616.00.

27. The Plaintiff contacted the Defendant by telephone on October 6, 2010 and inquired as to why they have failed to report the consumers written dispute on his credit report as required by §1692e (8).

28. The Defendant stated they don't report the information to the credit bureaus, which statement is false, deceptive and misleading in violation of §1692e.

29. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f and g.

SECOND COUNT:

30. The allegations of the First Count are repeated and realleged as if fully set forth herein.

31. Within three years prior to the date of this action Defendant has engaged in acts and practices as to Plaintiff in violation of the Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA").

32. Defendant has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

THIRD COUNT:

33. The allegations of the First Count are repeated and realleged as if fully set forth herein.

34. Defendant has engaged in acts and practices as to Plaintiff in violation of the Section 10-410(a) of the Maryland Wiretap Act which provides: Any person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of this subtitle shall have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or

use the communications and be entitled to recover from any person: (1) Actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher; (2) Punitive damages; and (3) A reasonable attorney's fee.

WHEREFORE Plaintiff respectfully requests this Court to:

1. Award Plaintiff statutory damages of $1,000.00 pursuant to the FDCPA;
2. Award Plaintiff statutory damages pursuant to the MCDCA;
3. Award Plaintiff statutory damages of $1,000.00 and Punitive Damages pursuant to the Maryland Wiretap Act;
4. Award the plaintiff costs of suit and a reasonable attorney's fee.
5. Award such other and further relief as this Court may see fit.

        THE PLAINTIFF

        BY_____
        Bernard T. Kennedy, Esquire
        The Kennedy Law Firm
        P.O. Box 657
        Edgewater, MD 21037
        Ph   (443) 607-8901
        Fax (443) 607-8903
        Fed. Bar # Md26843
        bernardtkennedy@yahoo.com